# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRY JORDAN,

          Petitioner,

    v.                                       Case No. 06-C-799

STEVE WATTERS,

          Respondent.

## ORDER

Terry Jordan filed this petition pursuant to 28 U.S.C. § 2254, asserting that his confinement under Wisconsin's Chapter 980 was imposed in violation of the Constitution. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner claims the state is violating the Constitution by holding him due only to his antisocial personality disorder. This is at least a colorable constitutional issue. It is unclear, however, whether petitioner has exhausted any state proceedings.

Petitioner also filed with his petition an application for leave to proceed in forma pauperis. It appears, however, he has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed in forma pauperis will be denied as moot.

THEREFORE, IT IS ORDERED that within 30 days of the date of this order respondent answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

FURTHER, IT IS ORDERED that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief (if any) in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief (or the date it was due) within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

2

FURTHER, IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is denied as moot.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this __3rd__ day of August, 2006.

         s/ William C. Griesbach
         William C. Griesbach
         United States District Judge