UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRY JORDAN,

        Petitioner,

v.                                                Case No. 06-C-799

STEVE WATTERS,

        Respondent.

**ORDER**

In an August 3, 2006 order, I allowed this § 2254 case to proceed, although I noted that it was unclear whether the petitioner has exhausted his state remedies as required by 28 U.S.C. § 2244(b)(1)(A). Respondent claims petitioner has not exhausted his state court remedies and now moves for dismissal on that basis. Relying on a printout of the the Wisconsin Circuit Court Access Program (CCAP) relating to petitioner, respondent notes that petitioner's appeal is still currently pending before the state court of appeals. While it is unclear whether the court can rely on a CCAP printout for finding petitioner has failed to exhaust, *see State v. Bonds*, 717 N.W.2d 133 (Wis. 2006) (holding CCAP report inadequate to establish prima facie proof of prior qualifying conviction for purposes of repeater sentencing), petitioner's motion to strike indicates that in his view the issues he raises in the present petition have *not* been raised in the state courts. By his own admission, then, petitioner has not given the state courts a full and fair opportunity to rule on the claims he now brings. I do not consider petitioner's argument that the state is engaged in a massive Ku Klux Klan-

like conspiracy to be persuasive evidence that the state court process available to him is absent or ineffective. *See* 28 U.S.C. § 2254(b)(1)(B).

Accordingly, IT IS ORDERED that the petition is dismissed for failure to exhaust. Respondent's motion to stay the time in which he was required to file his answer to the petition is denied as moot, as is petitioner's motion to strike.

Dated this   11th   day of October, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

2

Case 1:06-cv-00799-WCG   Filed 10/11/06   Page 2 of 2   Document 18