UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRY JORDAN,

        Petitioner,

v.                                                Case No. 06-C-799

STEVE WATTERS,

        Respondent.

**ORDER**

In an October 11 order, I dismissed this § 2254 case for failure to exhaust. Petitioner has now filed a motion to vacate that order as well as a request for a certificate of appealability. He argues that my order of dismissal erred because it stated that petitioner may still bring his claims in state court, when in fact he cannot.[1]

His argument seems to be that he was civilly committed for having an antisocial personality disorder, which he claims is an unfair and duplicitous way for the state to confine him indefinitely, in violation of *Kansas v. Crane,* 534 U.S. 407 (2002). He asserts that if he brought this argument in any state court, the state court would be bound to rule against him under *In re Commitment of Adams,* which upheld a Chapter 980 civil confinement based on an antisocial personality disorder. 588 N.W.2d 336, 340 (Wis. Ct. App. 1998) ("we conclude that, under ch. 980, a person who has the mental disorder of 'antisocial personality disorder,' uncoupled with any other mental disorder,

---

[1]The motion for reconsideration does not constitute a second or successive petition because it merely attacks this court's reasoning in dismissing the petition on procedural grounds.

may be found to be a 'sexually violent person.'") Because petitioner believes *Adams* would dictate an unfavorable outcome in state court, his federal habeas petition should not have been dismissed for his failure to bring an essentially futile claim in the state courts.

This argument fails for at least two reasons. First, the *Adams* court did not hold that it was constitutionally acceptable *in every case* to civilly detain someone based solely on an antisocial disorder coupled with the prior commission of a sexually violent crime. In fact, the *Adams* court emphasized that the analysis must focus on the individual and not on generalities about various diagnoses. *Id.* at 340. Thus, the question is whether the individual's antisocial personality disorder renders *him* a sexually violent person. Accordingly, because the analysis in every case is fact-specific, it is doubtful that *Adams* would render the petitioner's challenge to his confinement as futile as he now suggests.

Second, petitioner misunderstands the nature of the exhaustion requirement and any exceptions to that requirement. In particular, the exhaustion question does not turn on the merits of the petitioner's argument but on the availability of any state forum to hear his argument. 28 U.S.C. § 2254(b)(1)(B). Petitioner's argument is not that there are (or were) no state forums available to him, it is that the state courts would have ruled against him had he raised the argument he now raises. The premise is that if a particular argument would be futile, he should not have to exhaust it in the state courts before bringing it in a federal § 2254 petition. This premise is incorrect, however. As the Seventh Circuit has found, "the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim." *Spreitzer v. Schomig,* 219 F.3d 639, 647 (7th Cir. 2000) (quoting *White v. Peters,* 990 F.2d 338, 342 (7th Cir.1993)). Accordingly, to the

extent there exists a futility exception to the exhaustion requirement under § 2254(b)(1)(B), it does not apply in a case like this. *See also* 28 U.S.C. § 2254(c).

Although it might seem a highly technical distinction, the exhaustion requirement is designed in part to preclude exactly the analysis the petitioner now presses. He essentially seeks to have a federal court evaluate how a state court would treat an argument he never raised and then issue a decision directly contravening a previous state court decision. This undertaking would unnecessarily violate established principles of comity. Moreover, to accept petitioner's futility argument would invite countless attempts to circumvent § 2254(b)'s exhaustion requirement based only on the claim that the argument would be a loser in the state courts. Finally, accepting petitioner's line of argument would preclude state courts from re-examining their previous decisions. Although the state courts might well be inclined to rule against this petitioner, § 2254 requires that they be given the first opportunity to evaluate his arguments and consider overturning or modifying their previous precedents. This is perhaps especially true when the underlying precedent comes not from the state supreme court but from a single panel of a court of appeals. In any event, both the statute and Seventh Circuit precedent preclude the petitioner's efforts to circumvent the exhaustion requirement.

Accordingly, the petitioner's motion to vacate will be denied. For the same reasons, I will deny a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall only issue if the petitioner makes a substantial showing of the denial of a constitutional right. This requirement is only met if reasonable jurists could disagree about the resolution of the petitioner's case. *Ouska v. Cahill-Masching,* 246 F.3d 1036, 1046 (7th Cir. 2001). I conclude that reasonable

3

Case 1:06-cv-00799-WCG    Filed 10/30/06    Page 3 of 4    Document 22

jurists could not disagree that the petitioner's failure to exhaust his arguments renders his § 2254 petition worthy of dismissal.

Therefore, **IT IS ORDERED** that the motion to vacate the judgment and the request for a certificate of appealability are **DENIED**.

Dated this   30th   day of October, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
