UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRY JORDAN,

        Petitioner,

v.                                   Case No. 06-C-799

STEVE WATTERS,

        Respondent.

**ORDER**

This § 2254 petition is based on the petitioner's claim that the state has illegally incarcerated him under Chapter 980 based on a contrived diagnosis of antisocial personality disorder. In an October 11 order I dismissed the petition, on the state's motion, for failure to exhaust. Since that dismissal, the case has become far more muddled than it had been. Following the dismissal, petitioner filed a motion to vacate that order as well as a request for a certificate of appealability. Both were denied. He has now filed a second motion for reconsideration, arguing that he has in fact exhausted his state remedies. He asks this court to take notice of a letter from his public defender stating that he has exhausted his state remedies as to his involuntary commitment.

This is now the third twist on the petitioner's argument. First, he appeared to state that the arguments he raises in this federal petition – attacking his civil commitment based on the finding of an antisocial personality disorder – were distinct from those raised (and presently pending) in the state courts. (Docket No. 17 at 2.) In fact, he had indicated several times that he believes the state

public defender is complicit in a conspiracy to *avoid* raising the present claim before the state courts. Thus, because the petitioner had a pending appeal in the state courts and because he apparently believed that his own lawyer had deliberately failed to raise the issue in state court, it seemed clear that the arguments he now raises regarding antisocial personality disorder were not exhausted. Thus, upon the respondent's motion, the petition was dismissed.

In his first motion for reconsideration, petitioner argued that he should not have to exhaust that argument because doing so would be futile given *Adams,* an unfavorable state court of appeals decision in another Chapter 980 case. I rejected this contention, noting that the futility exception to the exhaustion requirement related only to the availability of a venue, not the merits of the argument proffered.

Now, in a second motion for reconsideration, petitioner claims that he *did* exhaust his state remedies, at least as to the antisocial personality argument he now presses in this federal § 2254 petition. Upon review of the state court of appeals decision he cites, it appears petitioner may be correct. The respondent's motion to dismiss was based on the petitioner's failure to exhaust proceedings filed in 2005 and 2006 regarding his request for supervised release and discharge, proceedings which are apparently still pending. Although arguments raised in those proceedings may not be exhausted, that does not mean that the petitioner's argument regarding antisocial personality disorder was not exhausted. The respondent's motion to dismiss does not mention that in 2004, the state court of appeals heard petitioner's appeal (which itself followed a tortuous procedural path) and characterized his argument as follows: "Finally, Jordan contends that there was insufficient evidence to support a finding that he is a sexually violent person 'because a diagnosis of either antisocial personality disorder or personality disorder (not otherwise specified) is an

2

insufficient basis for a Chapter 980 commitment.'" 2004 WI App 125, ¶ 25, 683 N.W.2d 93 (Wis. Ct. App. 2004). This seems to be the very argument that the petitioner is now raising in this § 2254 petition. Accordingly, regardless of what might be currently pending in the state courts, there is some indication that the petitioner has, in fact, exhausted this argument in the state courts. Because it is the only argument he now raises in his § 2254 petition, it appears that my dismissal of his petition for failure to exhaust was erroneous, or at least premature.

That raises the question of whether I may vacate the judgment or whether that is properly the purview of the court of appeals. Petitioner's first motion for reconsideration, filed on October 26, was a document styled "Rule 60(b) Motion to Vacate the Judgment." The document was also headed "Notice of Appeal," however, which has resulted in the document being docketed and treated by the clerk's office as a notice of appeal. The first motion for reconsideration was filed within ten days of the entry of judgment (not counting weekend days, *see* Fed. R. Civ. P. 6(a)), and so it is more properly considered as a Rule 59 motion – the sort that, under Fed. R. App. P. 4(a)(4)(A)(vi) does not necessarily divest the district court of jurisdiction. *See, e.g., ID Security Systems Canada, Inc. v. Checkpoint Systems, Inc.,* 268 F. Supp.2d 448, 450 (E. D. Pa. 2003). That is because the notice of appeal does not become effective until the order disposing of the last remaining post-judgment motion is entered. Fed. R. App. P. 4(a)(4)(A)(vi). *See Kunik v. Racine County, Wis.,* 106 F.3d 168, 172 (7th Cir. 1997).

But, having denied that motion, it appears that the notice of appeal is now effective and the petitioner's second Rule 60 motion does not toll the effectiveness of the notice of appeal. I may therefore lack jurisdiction to revisit the judgment. Pursuant to Circuit Rule 57, however, I do hereby

3

indicate my intent to vacate the judgment of dismissal in the event the court of appeals remands the matter. For present purposes, however, the petitioner's Rule 60 motion is **DENIED**.

**SO ORDERED** this      17th      day of November, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge