UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRY JORDAN,

        Petitioner,

v.                                       Case No. 06-C-799

STEVE WATTERS,

        Respondent.

**ORDER**

Following resolution of some procedural issues, this § 2254 case is now ripe for decision. The defendants assert that the petition is both untimely under 28 U.S.C. § 2244(d) and lacking in merit. Because I conclude that the petition was not filed within the statute of limitations, it will be dismissed.

Section 2244(d) establishes a one-year statute of limitations for filing a federal habeas action. The period begins running from "the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Lozano v. Frank,* 424 F.3d 554, 555 (7th Cir. 2005). Jordan was civilly committed under Chapter 980 following a jury trial in July 1997. Several years of appeals and other post-conviction proceedings ensued. Ultimately the Wisconsin Supreme Court denied his petition for review on November 17, 2004. Under § 2244(d), the judgment does not become "final" until after the expiration of a further ninety days in which the petitioner may appeal to the United States Supreme Court. *Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir. 2002). Thus, Jordan's petition

became final, for § 2244(d) purposes, on February 16, 2005. He thus had one year from that date to file his § 2254 petition, but he waited until July 26, 2006 – some five months late – to file this petition. Accordingly, I conclude that the petition is untimely and must be dismissed.

Petitioner's brief is devoted solely to the merits of his petition and does not address the timeliness issue. In an earlier filing, however, he argues that it would be unfair to allow the respondent to raise the statute of limitations defense because it should have done so earlier. This is not true. First, there is no indication of unfairness. The respondent raised the issue only after it was determined that it had made an error in concluding that the petitioner had failed to exhaust his state court remedies. Once the case was remanded to this court for further proceedings, the respondent filed an answer, which asserted the statute of limitations defense. (Answ., ¶ 9.)

More importantly, § 2244(d) does not operate like a typical waivable defense in other civil proceedings. The Supreme Court has made it clear that a district court has the inherent power to enforce the statute of limitations, barring an explicit waiver by the state. *Day v. McDonough,* 126 S.Ct. 1675, 1684 (2006). This is partly because the statute of limitations is not just a "defense" benefitting the respondent; the statute also serves the public and the courts by ensuring that cases are resolved efficiently, and it protects the finality of state court judgments by setting a firm time limit for collateral challenges. So long as the petitioner is alerted to the timeliness issue and suffers no substantial prejudice because it was raised late, there is nothing to prevent the court from applying § 2244(d) and dismissing an untimely petition. *Id.*

Petitioner also argues the statute of limitations should be equitably tolled because he was confused due to the number of different appeals he had filed in state court. He further asserts that he acted in filing this petition (with the help of another inmate) as soon as he learned that the issue

2

he now presents had been resolved by the state courts. To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida,* 127 S.Ct. 1079, 1085 (2007) (citations omitted). Confusion is not an extraordinary circumstance. Presumably most inmates are not experts in the laws governing post-conviction proceedings and can claim some level of confusion about their rights. Moreover, the fact that the petitioner may not have been at fault for the delay does not mean an "extraordinary circumstance" stood in his way. The statute of limitations does not require an undue level of legal acumen or swiftness – it grants inmates *one year* (plus ninety days) in which to make their next move. In short, I find no basis for equitable tolling under the facts of this case.

In sum, because the petition was not filed within the period set forth in 28 U.S.C. § 2244(d), the case is **DISMISSED**. The petitioner's motions to consolidate and "motion to deny" the response are **DENIED**.

**SO ORDERED** this   14th   day of May, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge