UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRY JORDAN,

    Petitioner,

v.                                             Case No. 06-C-799

STEVE WATTERS,

    Respondent.

**ORDER**

On May 14, 2007, I entered an order dismissing this petition on the basis that it was untimely under 28 U.S.C. § 2244(d) because it was not filed within one year of the date on which Petitioner's state incarceration proceedings became final. Petitioner, a Chapter 980 inmate, has now filed a motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b). Petitioner now claims that equitable tolling should have been allowed because he is "actually innocent." Petitioner's alleged innocence, however, is little more than a disagreement with the state's conclusion that he is a sexually violent person under Chapter 980 and an attack on the "bogus diagnosis" underlying his involuntary commitment. Thus, "actual innocence" does not apply to the equitable tolling analysis in the same way it might apply in a criminal proceeding. That is, there are no newly discovered facts or witnesses suggestive of "innocence," the late discovery of which would justify an untimely petition under § 2254.

Just as important is the fact that Rule 60 does not provide a basis for relief. When faced with an unfavorable decision in the district court, a litigant may either move for reconsideration under Rule 59 within ten days of the judgment, or he may file an appeal. If the question presented

for reconsideration could have been the subject of an appeal – as here – it may not be raised via Rule 60. Rule 60 relief, it is often noted, is an extraordinary remedy granted only in exceptional circumstances. *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The Rule itself cites as permissible grounds for relief only such things as mistakes or inadvertence, newly discovered evidence, a void judgment, or the like, Fed. R. Civ. P. 60(b), and courts are not expansive in their interpretation of the rule. In fact, the rule's limitations have been underscored by the Seventh Circuit. In *Russell,* for example, the court noted that the rule was "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Id.* And, in *Bell v. Eastman Kodak Co.,* the court confirmed that Rule 60 motions could not advance arguments for relief that could be advanced through a direct appeal. 214 F.3d 798, 801 (7th Cir. 2000). Given that "collateral attack, especially in civil cases, is disfavored because of the social interest in expedition and finality in litigation," Rule 60 motions must be limited to the sorts of things – such as those conditions the rule explicitly mentions – "that could not have been used to obtain a reversal by means of a direct appeal." *Id.*

It is clear that petitioner's Rule 60 motion raises precisely the sort of argument that could be made on direct appeal. The motion does not raise newly discovered evidence or assert that the judgment is void or cite any other ground set forth in Rule 60(b). Instead, petitioner simply says that this court erred in its application of equitable tolling. That is a matter for appeal rather than reconsideration under Rule 60, and the motion is therefore ordered **DENIED**.

Dated this   5th   day of July, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge